IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Phillip Omar Robinson, ) | Civil Action No.: 4:12-cv-03340-RBH |
| ) | Criminal No.: 4:11-cr-00537-RBH-1 |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Pending before the Court are (1) Phillip Omar Robinson's ("Petitioner's") *pro se* Motion to Vacate, Set Aside, or Correct Sentence ("Motion to Vacate") pursuant to 28 U.S.C. § 2255 (ECF No. 50); (2) Respondent's Motion for Summary Judgment (ECF No. 59); and (3) Petitioner's *pro se* Motions for Summary Judgment (ECF Nos. 62 and 70). For the following reasons, the Court grants Respondent's Motion for Summary Judgment, dismisses Petitioner's Motion to Vacate, and denies Petitioner's Motions for Summary Judgment.[1]

## Procedural History

On April 26, 2011, a federal grand jury returned a three-count indictment against Petitioner. Count One charged him with knowing, intentional, and unlawful possession with the intent to distribute a quantity of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(c). Count Two charged him with felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e). Count Three charged him with using and carrying a firearm during and in relation to, and possessing a firearm

---

[1] Because the facts and legal arguments are adequately set forth in the existing record, an evidentiary hearing is not necessary. *See United States v. Burton,* 26 Fed. Appx. 351 (4th Cir. 2002); *United States v. Yearwood,* 863 F.2d 6, 7 (4th Cir. 1988) (recognizing that "[a] hearing is not required . . . on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief").

in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A).  On September 13, 2011, Petitioner entered a plea of guilty to Count Two of the indictment without a plea agreement.

At a sentencing hearing held on December 8, 2011, Petitioner's Presentence Report (PSR) indicated a base offense level of 24 because he had two South Carolina felony convictions involving a controlled substance offense – a conviction for possession with intent to distribute marijuana and a conviction for possession with intent to distribute cocaine. [PSR, Doc. #44, at 13] The Court sentenced Petitioner to 84 months imprisonment, and this judgment was docketed on December 9, 2011. Petitioner did not file an appeal, and he signed a waiver of appeal at sentencing.

Based on the prison mail room stamp, Petitioner filed the instant Motion to Vacate on November 15, 2012, alleging the following grounds for relief:

> **Ground One:** "Violation of Statute, 21 USCS § 802(44): Defendant's prior criminal drug offenses were utilized as predicate felony convictions to enhance defendant for weapon charges under 922g and 924(a)(2). 21 USCS § 802(44) provides the following definition for a felony drug conviction: "The term felony drug offense means an offense that is punishable by imprisonment for more than one year under any law of the United States or a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marijuana, anabolic steroids, or depressant or stimulant substances." Based upon the definition for a drug offense to be classified as a felony conviction, Defendant must have actually spent over one year imprisonment. Not that he must have been sentenced to over one year, he must have actually spent over one year and a day in prison."
>
> **Ground Two**: "The two prior drug convictions are not felony drug convictions for Federal, State or foreign country purposes."
>
> **Ground Three:** "Defendant Robinson was wrongfully classified as a felon in possession of firearm, ammunitions.  Violation of amendment II, Bill of Rights."
>
> **Ground Four:** "Ineffective Assistance of Counsel, Sixth Amendment violation."

[Pet'r's Mot. to Vacate, Doc. # 50, at 4–8]

On December 13, 2012, the government filed a Motion for Summary Judgment and Response [Doc. # 58 and 59 ], alleging that Petitioner's Motion was without merit. An order filed on December 14, 2012, pursuant to *Roseboro v. Garrison,* 528 F.2d 309 (4th Cir. 1975), advised Petitioner of the dismissal procedure and the possible consequences if he failed to respond adequately. On January 11, 2013, Petitioner filed a Motion for Summary Judgment. [Doc. # 62.] Defense counsel Michael Meetze filed an affidavit on January 14, 2013. [Doc. # 65] On January 17, 2013, the government filed a supplemental response. [Doc. # 66] A second *Roseboro* Order was entered on January 18, 2013. Petitioner filed a second *pro se* Motion for Summary Judgment and Response to the government's motion on January 18, 2013. [Doc. # 70 and 71] Petitioner filed a Reply to the government's supplemental response on February 11, 2013 [Doc. # 73]  This matter is ripe for review.

## **Applicable Law**

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).  "The writ of habeas corpus and its federal counterpart, 28 U.S.C. § 2255, 'will not be allowed to do service for an appeal.' (internal citation omitted) For this reason, nonconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings. (internal citations omitted) Even those nonconstitutional claims that could not have been asserted on direct appeal can be raised on collateral review only if the alleged error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice'". *Stone v. Powell*, 428 U.S. 465, n. 10 (1976); *see also United States v. Boyd*, No. 02-6242, 2002

3

WL 1932522, at *1 (4th Cir Aug. 22, 2002) ("Non-constitutional claims that could have been raised on direct appeal . . . may not be raised in a collateral proceeding under § 2255.").

## **Legal Standard for Summary Judgment**

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2) (2009). The movant has the burden of proving that summary judgment is appropriate. Once the movant makes the showing, however, the opposing party must respond to the motion with "specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

When no genuine issue of any material fact exists, summary judgment is appropriate. *See Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Id.* However, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

"[O]nce the moving party has met [its] burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show that there is a genuine issue for trial." *Baber v. Hospital Corp. of Am.*, 977 F.2d 872, 874-75 (4th Cir. 1992). The nonmoving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. *See id.* Rather, the nonmoving party is required to submit evidence of specific facts by way of affidavits, depositions, interrogatories, or admissions to demonstrate the existence of a genuine and material factual issue for trial. *Celotex Corp.,* 477 U.S. at 322.

4

**Analysis**

Because the errors claimed by the petitioner in Grounds I through III are nonconstitutional claims that could have been asserted on direct appeal, and Petitioner's sentence does not exceed the statutory maximum of 10 years pursuant to 18 U.S.C. § 922(g)(1) and 924(a)(2),[2] the claims are not cognizable on collateral review.[3] Petitioner did not file a direct appeal, and waived the right to do so at sentencing. (ECF No. 43) Grounds I through III challenge the classification of his state court convictions as felonies to enhance his base offense level under the sentencing guidelines and as felonies as an element of the federal crime of felon in possession of a firearm. Petitioner asserts that his prior drug convictions were not felony drug convictions, citing 21 U.S.C. § 802(44). Petitioner also asserts pursuant to *U.S. v. Simmons*, 649 F.3d 237 (4th Cir. 2011), that his prior convictions no longer qualified as felony convictions involving a controlled substance offense.

*Simmons* was decided before the petitioner was sentenced; therefore, arguments relating to *Simmons* could have been raised in a direct appeal. Even if Petitioner's arguments under *Simmons* were allowed on habeas review, the argument lacks merit. The *Simmons* court, examining a particular North Carolina statute and the legal authority interpreting that statute, held that certain North Carolina drug convictions may not be used as predicate offenses under the Controlled Substances Act. *Simmons*, 649 F.3d at 244–48. Petitioner's predicate convictions are for *South Carolina* felony drug offenses, to which *Simmons* is inapplicable.

---

[2] There is no question that this court had jurisdiction over the petitioner's criminal case.

[3] Petitioner's third ground mentions the Second Amendment to the Constitution, the right to bear arms. However, this ground is still premised on his argument that he should not have been considered to be a felon under federal statutes and case law.

Petitioner's arguments under 21 U.S.C. § 802(44) also lack merit, as discussed below, even if cognizable on collateral review.

Therefore the government's motion for summary judgment is granted as to Grounds I through III.

Petitioner's Ground Four alleges ineffective assistance of counsel in failing to argue that his past offenses were misdemeanors under 21 U.S.C. § 802(44) and in failing to make an argument based on *Simmons* at sentencing. It is well-settled that claims of ineffective assistance of counsel are constitutional in nature and therefore are properly asserted under § 2255. To obtain relief based on ineffective assistance of counsel, Petitioner must show (1) that counsel's performance was so deficient that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment and (2) that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668 (1984). There is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance, and this Court must be highly deferential in scrutinizing counsel's performance. *Id*. at 688-89.

> Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. In making that determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case. At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

*Strickland*, 466 U.S. at 690.

To establish prejudice, Petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*. at 688-89. "Reasonable probability" is probability sufficient to undermine confidence in the outcome. *Jeffers v. Leeke*, 835 F.2d 522, 525 (4th Cir. 1987). In the context of a guilty plea, the prejudice prong is satisfied where there "is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The first inquiry--whether counsel's performance was deficient -- may be by-passed if the claim is more easily disposed on the ground of lack of prejudice. *Strickland* at 697.

Petitioner asserts that his counsel should have asserted that his two prior drug convictions were not felonies under 21 U.S.C. § 802(44), and that he was thus erroneously classified as a felon for purposes of being a felon in possession of firearms and for purposes of the enhancement of his base offense level under the guidelines. He contends that under the definition of "felony drug offense" in 21 U.S.C. § 802(44), prior crimes cannot be used to enhance a sentence where the defendant did not actually serve more than one year in prison. Petitioner misconstrues the statute. Section 802(44) is part of the Controlled Substances Act and defines "felony drug offense" as an offense "punishable by imprisonment for more than one year. . ." Petitioner asserts that his conviction for felon in possession of a firearm should be vacated because he "spent 65 days county time imprisonment" for the offense in paragraph 27 and "81 days county imprisonment" for the offense in paragraph 28. His argument lacks merit. The crime of felon in possession of a firearm requires the defendant to have been convicted of a crime "**punishable** by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(emphasis added). "What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held." 18 U.S.C. § 921(20). Under South Carolina

7

law, possession with intent to distribute marijuana and possession with intent to distribute cocaine are felony offenses, punishable by a term of imprisonment exceeding one year. *See* S.C. Code Ann. § 44-53-370 (1976), as amended. Therefore, Petitioner's attorney was not ineffective in failing to make these arguments. As discussed above, Petitioner's arguments based on *U.S. v. Simmons*, 649 F.3d 237 (4th Cir. 2011) lack merit and therefore counsel was not ineffective in failing to make arguments at sentencing based on *Simmons*.

Therefore, the government's motion for summary judgment is granted, and the petition is dismissed with prejudice.

### Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In the instant matter, the court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

### Conclusion

Having thoroughly reviewed the entire record and the applicable law, it is **ORDERED** that Respondent's Motion for Summary Judgment [Doc. # 59] is **GRANTED** and Petitioner's Motion to

Vacate [Doc. # 50] is **DISMISSED with prejudice.** Petitioner's *pro se* Motions for Summary Judgment (ECF Nos. 62 and 70) are **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

                                       s/ R. Bryan Harwell
                                       R. Bryan Harwell
                                       United States District Judge

Florence, South Carolina
November 5, 2014